IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**BRUNSON ROBERTS**             **PLAINTIFF**
**ADC #127841**

v.             No: 4:24-cv-00332-KGB-PSH

**DOES**             **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to Chief United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

### I. Introduction

Plaintiff Brunson Roberts, an inmate at the Arkansas Division of Correction's Varner Supermax ("VSM"), filed a letter on April 15, 2024, which was docketed as a *pro se* complaint pursuant to 42 U.S.C. § 1983. *See* Doc. No. 1. On April 22, 2024, the Court entered an order directing Roberts to submit the full $405.00 filing

and administrative fee or file a fully completed *in forma pauperis* ("IFP") application within 30 days. Doc. No. 2 at 2. The Court also instructed Roberts to file an amended complaint to clarify and narrow his claims and to describe specific facts to support a claim that he is in imminent danger of serious physical injury.[1] *Id.* at 4-5. Roberts moved for and was granted two extensions of time to return a completed IFP application or pay the $405.00 filing and administrative fees and to file an amended complaint. *See* Doc. Nos. 4-5 & 7-8. These items were due on July 25, 2024. Doc. No. 8.

On July 18, 2024, Roberts filed several new pleadings with no case number, and a new case was opened: *Roberts v. Payne, et al.,* Case No. 4:24-cv-00604-LPR-PSH (*"Roberts II"*). His initial filing was labeled "Imminent Danger" and addressed to Judge Baker (the judge assigned to this case). *See Roberts II,* Doc. No. 1 at 103. This pleading describes some events that occurred after this case was filed but also describes many of the same issues described in this case.[2] The filing did not comply

---

[1] Because Roberts is a "three-striker" under the three-strikes provision of the Prison Litigation Reform Act ("PLRA"), he must show that he was in imminent danger of serious physical injury at the time he filed his complaint in order to be afforded permission to proceed *in forma pauperis*. 28 U.S.C. § 1915(g).

[2] Roberts was informed that he may not litigate the same claims in both cases. *See Gearheart v. Sarrazine,* 553 Fed. Appx. 659, 659-60 (8th Cir. 2014) (affirming dismissal of prisoner's claims that were duplicative of those in another pending action); *Aziz v. Burrow,* 976 F.2d 1158, 1158-59 (8th Cir. 1992) (affirming dismissal of "duplicative complaint raising issues directly related to issues in another pending action brought by the same party" as frivolous).

with the Court's instructions to amend the complaint in this case. However, Roberts alleged that some of his documents were destroyed when fire sprinklers were turned on in his cell shortly before his "deadline to turn in a lawsuit." *Roberts II,* Doc. No. 1 at 4; *Roberts II,* Doc. No. 3.

Because Roberts made many of the same allegations in both cases, and because *Roberts II* was filed when an amended complaint was due in this case, the Court gave Roberts another opportunity to clarify whether he meant to initiate a new case or intended to file an amended complaint in this case. *Roberts II*, Doc. No. 10. The Court invited Roberts to file a notice to that effect and/or a motion to dismiss in *Roberts II* and have the documents filed in that case re-filed in this case. *Id.* at 3. In response to the Court's Order, Roberts filed a Motion to Clarify and a Motion for Extension of Time in both cases. Doc. Nos. 10 & 12; *Roberts II*, Doc. Nos. 11 & 13. His motions were granted in each case, and he was given an additional 30 days to file an amended complaint that comported with the directions previously provided. Doc. No. 13; *Roberts II,* Doc. No. 14.

Roberts filed an application to proceed *in forma pauperis* (Doc. No. 14) on September 20, 2024, and amended complaint on October 21, 2024 (Doc. No. 15). His amended complaint includes 15 pages from his initial filing in *Roberts II*. *See* Doc. No. 15 at 28-43. On November 12, 2024, Roberts filed a motion for a

preliminary injunction in this case, seeking "proper nutrition and notary service" (Doc. No. 20).

On December 2, 2024, United States District Judge Lee P. Rudofsky directed the Clerk's office to reassign *Roberts II* to Judge Baker, noting that the two cases were related. *See* Doc. Nos. 16-17. On January 6, 2025, the two cases were consolidated with this case designated as the lead case. *See* Doc. No. 22. For the reasons described below, the Court finds that Roberts' allegations fail to establish that he is under imminent danger of serious physical injury. His motion for leave to proceed *in forma pauperis* should therefore be denied, both this case and *Roberts II* be dismissed without prejudice, and all pending motions in both cases denied as moot.

## II. The PLRA's Three-Strikes Rule

Roberts is a "three-striker" within the meaning of the PLRA's three-strikes provision. *See Roberts v. Payne, et al.,* No. 4:21-cv-00441-LPR (E.D. Ark. 2022) (dismissal for failure to state a claim on which relief can be granted); *Roberts v. Wilkins, et al.*, No. 4:18-cv-00149-JM (E.D. Ark. 2018) (same); and *Roberts v. Hobbs, et al.*, No. 2:07-cv-00022-SWW (E.D. Ark. 2007) (same).

The three-strikes provision requires the Court to dismiss a prisoner's *in forma pauperis* action at any time, *sua sponte* or upon a motion of a party, if it determines that the prisoner has

> on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, ***unless the prisoner is under imminent danger of serious physical injury.***

28 U.S.C. § 1915(g) (emphasis added).  The U.S. Court of Appeals for the Eighth Circuit has explicitly upheld the constitutionality of the three-strikes provision.  *See Higgins v. Carpenter*, 258 F.3d 797 (8th Cir. 2001).  The Eighth Circuit has noted that the imminent danger exception applies only when a prisoner makes "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050-51 (8th Cir. 2003) (holding that the imminent danger exception did not apply when a prisoner was forced to work outside in extreme weather conditions that did not result in any serious physical injuries). *See also Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (holding that the imminent danger exception applied when prison officials continued to place a prisoner near his enemies who had previously stabbed him); *McAlphin v. Toney*, 281 F.3d 709, 710-11 (8th Cir. 2002) (holding that the imminent danger exception applied where inmate alleged deliberate indifference to his serious medical needs that resulted in five tooth extractions and a spreading mouth infection requiring two additional extractions). Vague or conclusory allegations of harm are insufficient. *See, e.g., White v. Colorado,* 157 F.3d 1226, 1231–32 (10th Cir. 1998).

### III.   Discussion

The question before the Court is whether Roberts has alleged facts to support a finding that he is under imminent danger of serious physical injury. The Court finds he is not in such danger for the reasons set forth below. Therefore, his application to proceed *in forma pauperis* should be denied.

### A.   *Roberts' Allegations*

Roberts was instructed to file an amended complaint that narrowed his claims, described how his constitutional rights were violated, described the involvement of each named defendant, and described facts to support a claim that he was in danger of serious physical injury when he filed his complaint. *See* Doc. No. 13. He has not done so. Instead, he raises numerous unrelated claims, and in many cases, does not describe how each named defendant was involved in the claimed violations or when they occurred. Specifically, as described by Judge Baker in her order consolidating *Roberts I* and *Roberts II*:

> Roberts brings claims of **unconstitutional conditions of confinement** (Dkt. No. 15 at 6-8, 10-18; [*Roberts II*], Dkt. No. 1, at 31); claims of **violations of the Americans with Disabilities Act** (Dkt. No. 15, at 9; [*Roberts II*], Dkt. No. 1, at 33), claims related to an **"18 month program"** (Dkt. No. 15, at 10-11); [*Roberts II*], Dkt. No. 1, at 32), claims of a **policy and custom of retaliation** at the Varner Super Max unit of the Arkansas Division of Correction ("ADC") (Dkt. No. 15, at 28-40; [*Roberts II*], Dkt. No. 1, at 15-28) claims of **medical retaliation** (Dkt. No. 15, at 41; [*Roberts II*], Dkt. No. 1, at 28); claims of **"retaliational [sic] transfer and false imprisonment"** (Dkt. No. 15, at 42; [*Roberts II*], Dkt. No. 1, at 29); and claims for **"denial of**

>    **substantive right to disciplinary proceedings"** (Dkt. No. 15, at 43; [*Roberts II*], Dkt. No. 1, at 30).

Doc. No. 22 at 1-2 (emphasis added).

Of the various claims raised by Roberts, only those regarding an alleged failure to treat certain medical conditions and the denial of adequate nutrition could possibly cause him physical harm. Accordingly, the Court reviews those claims more closely. Roberts alleges that he has been denied adequate nutrition (Doc. No. 15 at 10, 12, 16-17); that he has been refused colon cancer screening despite being told that colon cancer might explain his sudden weight loss (*id.* at 7-8, 18, 25-26); that he has not been tested or treated for diabetes (*id.* at 18, 25-27); that he has untreated hypertension (*id.* at 25-26); that he has been refused treatment for scoliosis (*id.* at 15, 18, 25-26, 41); and that nurse Martin denied him medical treatment in isolation on an unspecified date after he became "very sick" with an unspecified illness and falsified his medical records to make it appear that he was seen for sick call (*id.* at 15).

In an addendum to his amended complaint, Roberts clarifies some of his claims, names additional defendants in connection to some of his medical treatment claims, and adds some new claims. *See* Doc. No. 24. Specifically, he alleges that it was RN Shyecia Martin who denied him medical treatment on April 12, 2024, and falsified his medical records. Doc. No. 24 at 1. Roberts also alleges that Melveta Henry denied him medical care on November 15, 2023; that Jasmine Siah denied

him medical care for scoliosis on December 15, 2022; that Lonnell Seamster was indifferent to medical needs for asthma, eczema, acid reflux and took away his medications on unspecified dates; and that Andrea Culclager improperly answered his grievances.  *Id.* at 1-2.

In a motion for injunctive relief filed in *Roberts II* on July 18, 2024, Roberts claims he lost 45 pounds and was recently diagnosed as a diabetic, and that medical staff denied him "'any' and 'all' medical treatment" and falsified his medical records.  *Roberts II,* Doc. No. 4 at 1.  In his request for relief, he requests that he be provided with proper nutrition.  *Id.* at 2.  He also alleges that defendants are trying to be place him in heat conditions that cause him to become sick due to his asthma medications.  *Id*.  In his motion for preliminary injunction filed in this case on November 12, 2024, Roberts alleges that he was denied coffee, milk, and eggs for breakfast on November 1, 2024, and that he has not received coffee or milk for over a year.  Doc. No. 20 at 1.

### B.    *Inadequate Nutrition*

Roberts' allegations that he has been denied adequate nutrition are too conclusory to state a viable claim based on inadequate nutrition.  Prisoners have a right to adequate nutrition, and failure to provide it may constitute deliberate indifference that violates the Eighth Amendment.  *Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992).  While an inmate is not generally entitled to receive a

particular type of food, if the food provided is not nutritionally adequate, the Eighth Amendment may be implicated. *See Burgin v. Nix*, 899 F.2d 733 (8th Cir. 1990). *Estelle v. Gamble,* 429 U.S. 97, 102–03 (1976). Roberts describes only a few isolated incidents in which certain defendants denied him meals and generally alleges that food runs off his trays sometimes and that he has not been given coffee and milk in addition to juice by "VSM Administration." *See* Doc. No. 15 at 12. He does not claim that he has been denied food on a regular basis or that the diet provided fails to provide sufficient calories. And while he references an unexplained weight loss in his complaint (Doc. No. 15 at 18), and a 45-pound weight loss in a motion filed in *Roberts II* (Doc. No. 4), he does not attribute his weight loss to an inadequate diet, but instead claims it may be due to colon cancer or diabetes.

### C.    *Deliberate Indifference to Various Medical Conditions*

Roberts' allegations that he has been denied all medical treatment or treatment for diabetes, scoliosis, colon cancer, hypertension, and asthma are also wholly conclusory. He does not provide specific facts to support these allegations. For instance, Roberts does not describe when or how often he has sought and been refused treatment for these conditions. Roberts does not describe any symptoms he experiences due to these conditions apart from generally alleging he has lost weight and experiences pain from scoliosis. Regarding pain, he states he is in "continual serious pain" and suffers "severe pain causing headaches" as a result of his untreated

scoliosis. Doc. No. 15 at 18, 41. Conclusory complaints of pain are insufficient to meet the imminent danger exception. *See e.g., White v. Norris,* No. 5:09-CV-00148-JLH-HDY, 2009 WL 1690515, at *1 (E.D. Ark. June 16, 2009) ("The allegedly harmful 'pain and suffering . . . has continued . . . from June 2008 to the present,' which appears to also have been caused by the 'overcrowded and noisy' living conditions in prison, is simply not the sort of "imminent danger" for which the exception was carved.").[3] *See also White v. Colorado,* 157 F.3d 1226, 1231–32 (10th Cir. 1998) (vague or conclusory allegations of harm are insufficient).

Moreover, with the exception of the allegations Roberts added in his addendum, he does not describe the defendants who denied him treatment for his various alleged medical conditions. The only recent allegation is that Nurse Martin denied him treatment for an unspecified illness in April of 2024. That appears to be an isolated incident that does not give rise to any ongoing threat of physical harm. And while Roberts was given multiple opportunities to amend his complaint and was specifically instructed to describe the individuals responsible for the violations he alleges, he has failed to name any specific defendant who was denying him treatment for any of his alleged ailments at the time he filed this lawsuit and continues to do

---

[3] *See also Nichols v. Arkansas Department of Correction,* No. 2:18cv119-JM (E.D. Ark.), Doc. Nos. 3, 6 ("nerve pain"); *Nichols v. Drummond,* No. 2:19cv73-DPM (E.D. Ark.), Doc. Nos. 2, 14, 26 ("worsening" pelvic area arthritis and generalized "nerve pain").

so. Even if Roberts had described sufficient facts to support his claims regarding inadequate medical treatment, he must identify the defendants who were involved in order to proceed with those claims. *See Mayorga v. Missouri,* 442 F.3d 1128, 1132 (8th Cir. 2006) ("Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.") (internal quotations and citations omitted).

### IV. Conclusion

Roberts' conclusory allegations of being denied meals or medical treatment with virtually no factual support do not establish that Roberts is in imminent danger of serious physical injury. Accordingly, his application to proceed *in forma pauperis* should be denied.

IT IS THEREFORE RECOMMENDED THAT:

1.   Roberts' motion for leave to proceed *in forma pauperis* (Doc. No. 14) be denied, and both this case and *Roberts II*[4] be dismissed without prejudice;

2.   Roberts be given 30 days to reopen this case by paying the $405 filing fee in full and filing a Motion to Reopen; and

3.   Roberts' pending motions for injunctive relief in this case (Doc. No. 20) and in *Roberts II* (Doc. No. 4) be denied as moot.

---

[4] The Clerk of Court is directed to also file this recommendation in *Roberts II*.

DATED this 21st day of January, 2025.

_____
UNITED STATES MAGISTRATE JUDGE